# EXHIBIT 1

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.
SUPERIOR COURT DEPARTMENT OF THE
TRIAL COURT OF THE COMMONWEALTH
CIVIL ACTION NO.   PLCV2004-1105

Bay Mortgage Services, Inc.
..................................................., Plaintiff(s)
and Peter J. Lucido,

vs.

USBancorp
..................................................., Defendant(s)

## SUMMONS

To the above-named defendant:

You are hereby summoned and required to serve upon .....Allan J. Costa..... plaintiff attorney, whose address is .....Trifiletti & Costa, P.C., 124 Long Pond Road, Suite 20, Plymouth, MA 02360..... an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Plymouth either before service upon plaintiff attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff claim or you will thereafter be barred from making such claim in any other action.

Witness, SUZANNE V. DELVECCHIO Esquire, at Plymouth the .....15th..... day of

September..................................................., in the year of our Lord Two thousand and four.

*Frank R. Powers*
CLERK

**NOTES**
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. To the plaintiff's attorney: please circle type of action involved-Tort-Motor Vehicle Tort-Contract-Equitable Relief-Other.

### PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ..................................................., 2004, I served a copy of the within summons together with a copy with a copy of the complaint in this action, upon the within-named defendant , in the following manner(See Mass. R. Civ. P. 4(d)(1-5):...................................................

...................................................

...................................................

Dated: ..................................................., 2004...................................................

N.B.    TO PROCESS SERVER:-
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

|  |
|---|
| , 2004 |

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.

SUPERIOR COURT.
Docket No. _____

Bay Mortgage Services, Inc. )
and Peter J. Lucido, )
         Plaintiffs )
)
v. )     COMPLAINT
)
)
USBancorp, )
         Defendant )

## I. PARTIES

1. The Plaintiff, Bay Mortgage Services, Inc. ("Bay Mortgage") is a domestic corporation with a usual place of business at 2277 State Road, Plymouth, Massachusetts.

2. The Plaintiff, Peter J. Lucido, ("Lucido") is an adult individual who resides in the town of Kingston, County of Plymouth, Commonwealth of Massachusetts.

3. The Defendant, USBancorp, is a foreign corporation with an address of 1310 Madrid Street, Suite 101, Marshall, MN.

## II. FACTS

4. On or about March, 2004, representatives of Bay Mortgage and certain representatives of Norvergence Inc., ("Norvergence") a New Jersey telecommunications company, met at the Plymouth, Massachusetts office of Bay Mortgage and engaged in negotiations regarding the possible purchase of telephone service by Bay Mortgage from Norvergence.

5. On or about March 18 and March 26, 2004, Bay Mortgage and Lucido executed certain documents prepared and presented by Norvergence. These documents included, among others, documents entitled "Credit Application", "Hardware Application", "Services Application" and "Equipment Rental Agreement".

6. In order to induce the Plaintiffs to execute the above-referenced documents, representatives of Norvergence fraudulently misrepresented that the equipment required to operate the telephone service came free with the contract for the telephone service.

7. In order to induce the Plaintiffs to execute the documents referenced above, representatives of Norvergence fraudulently misrepresented to the Plaintiffs that such documents were considered as applications only and would not create any binding

obligations and that the credit application would need to be accepted before the Plaintiffs would be allowed to do business with Norvergence.

8. At the time said documents were executed by Bay Mortgage and Lucido, they had no intention of entering into any binding contract with Norvergence. Based on the misrepresentations of Norvergence's representatives, Bay Mortgage and Lucido believed and intended only that they were signing a non-binding application for credit.

9. Some time in May of 2004, numerous boxes apparently containing the "Matrix" telephone system were delivered to Bay Mortgage. Bay Mortgage subsequently notified Norvergence that it had not ordered these items and requested that Norvergence immediately pick up the boxes that were delivered.

10. To date, Norvergence has not picked up the delivered items.

11. The products delivered by Norvergence have failed to work properly, in violation of the express warranties made by Norvergence and in violation of the implied warranty of merchantability.

12. Upon information and belief, Norvergence subsequently assigned its rights and obligations under the above referenced documents to USBancorp.

13. USBancorp now claims that Bay Mortgage agreed to lease the "Matrix" for $1,394.78 per month for sixty (60) months and that Lucido personally guaranteed such payments. USBancorp seeks to accelerate the agreement and seeks all payments which total approximately $80,000.00.

14. Norvergence has engaged in a nationwide pattern of deceptive and unfair trade practices in leasing the "Matrix" telephone system. The activities of Norvergence in soliciting and leasing the "Matrix" are being investigated as deceptive and unfair trade practices in several jurisdictions and numerous suits have been filed against the leasing companies that took assignment of these leases from Norvergence.

15. At the time Bancorp demanded payment from the Plaintiffs, Bancorp knew, or should have known, of the unfair and deceptive acts or practices of Norvergence.

### III.  FRAUD/MISREPRESENTATION

16. The Plaintiffs hereby restate and re-aver paragraphs one through fifteen as if fully stated herein.

17. Based on the fraudulent misrepresentation of Norvergence as described above, the documents executed by the Plaintiffs are void and unenforceable.

### IV.  UNCONSCIONABILITY

18. The Plaintiffs hereby restate and re-aver paragraphs one through seventeen as if fully stated herein.

19. Upon information and belief, the value of the "Matrix" is approximately $1,000.00, yet USBancorp seeks to obtain lease payments totaling approximately $80,000.00 from Bay Mortgage and Lucido. The total cost of the lease payments are so much greater than the actual value of the "Matrix" that it shocks the conscience. As a result, the terms of the alleged "Equipment Rental Agreement" are unconscionable pursuant to both common law and M.G.L. c. 106 s. 2-302 and are void and unenforceable.

## V. BREACH OF EXPRESS WARRANTY

20. The Plaintiffs hereby restate and re-aver paragraphs one through nineteen as if fully stated herein.

21. As a result of Norvergence's breach of its express warranties in violation of M.G.L. c. 106 s. 2-313, Bay Mortgage has suffered economic damages.

## VI. BREACH OF IMPLIED WARRANTY

22. The Plaintiffs hereby restate and re-aver paragraphs one through twenty-one as if fully stated herein.

23. As a result of Norvergence's breach of the implied warranty of merchantability in violation of M.G.L. c. 106 s. 2-314, Bay Mortgage has suffered economic damages.

## VII. M.G.L. CHAPTER 93A

24. The Plaintiffs hereby restate and re-aver paragraphs one through twenty-three as if fully stated herein.

25. The fraudulent misrepresentations of Norvergence described above constitute unfair and/or deceptive acts or practices in violation of M.G.L. c. 93A s.11.

26. The breach of express warranty by Norvergence described above constitutes an unfair and/or deceptive act or practice in violation of M.G.L. c. 93A s. 11.

27. The breach of implied warranty by Norvergence described above constitutes an unfair and/or deceptive act or practice in violation of M.G.L. c. 93A s. 11.

28. The actions of Bancorp in attempting to collect from Bay Mortgage and Lucido, when it knew, or should have known, of the unfair and deceptive acts or practices of Norvergence constitute unfair and/or deceptive acts or practices in violation of M.G.L. c. 93A s.11.

WHEREFORE, the Plaintiffs pray for relief as follows:

1. that the "Equipment Rental Agreement", and any and all documents executed by the Plaintiffs with Norvergence be declared void and unenforceable due to fraud and misrepresentation;
2. that the "Equipment Rental Agreement" and any and all documents executed by the Plaintiffs with Norvergence be declared void and unenforceable due to unconscionablility;
3. that the Court assess damages as proved by Plaintiff for Defendant's breach of express warranty;
4. that the Court assess damages as proved by Plaintiff for Defendant's breach of implied warranty;
5. for double or triple damages, attorney's fees and costs as allowed by M.G.L. chapter 93A; and
6. for interest, costs and for whatever other relief this Honorable Court deems just and appropriate.

THE PLAINTIFFS,
Bay Mortgage Services, Inc.
and Peter J. Lucido,
By their attorney,

Allan J. Costa, Esquire
BBO #544015
Triffletti & Costa, P.C.
124 Long Pond Road
Plymouth, MA 02360
(508) 746-1464

Dated: September 13, 2004